## CASE NARRATIVE

Westrock Advisors Inc., is one of four cases, three of which are jointly administered pursuant to an order of the Court [Doc. No. 14]. On April 18, 2018, the Trustee filed a motion to sever and deconsolidate the joint administration of the Debtors' cases [Doc. No. 52], which was granted pursuant to an order of the Court dated April 23, 2018 [Doc. No. 55]. Two of the cases were subsequently closed as no asset cases.

On June 15, 2011, Westrock Advisers ("Advisers") the other asset case, a former broker-dealer, filed a voluntary Chapter 7 petition, and John S. Pereira (the "Trustee") was appointed as Trustee immediately thereafter. Advisers had operated out of leased office space located at 201 Old Country Road, Melville, New York 11747, but had vacated these premises prior to filing its petition. The Trustee, after conferring with the landlord of this property, agreed to reject this lease and turn the premises over to the landlord immediately, in exchange for the landlord's waiver of its claim for pre-petition and post-petition arrearage. The Court approved this rejection on the Trustee's application. Before surrendering the premises, the Trustee retained, with the Court's approval, G.E.M. Auction Company ("G.E.M.") to inventory and appraise the personal property located at the Melville location. As a result of G.E.M.'s appraisal, the Trustee agreed to accept the landlord's offer to purchase the property for $5,000 at a private sale, which was approved by the Court on the Trustee's application.

Advisers operated its business as an "introducing" broker whose customers' accounts were held by an affiliate of Fidelity Investments ("Fidelity"), and, accordingly, securities in Advisers' customer accounts were returned to the customers prior to Advisers' bankruptcy. However, the Debtors' schedules indicated that Advisers also had maintained "proprietary" accounts at Fidelity which held securities that belonged to Advisers, rather than its customers. The Trustee was able to locate these accounts; send "turnover" demands to Fidelity, and, after pursuing this matter with Fidelity, ultimately recovered $105,576.24 for the estate.

On September 6, 2012, Westrock Group, the parent company of Advisers, filed a voluntary Chapter 7 petition.  On the same day, two other related entities filed their own Chapter 7 petitions: Monarch Financial Corporation of America, Inc. ("Monarch") is another former broker-dealer that was also wholly-owned by Group, and LBC Western, Inc. ("LBC") is a company that, some years prior to the bankruptcy filings, purchased all of the common stock of Group from its prior owners, and thereby became the parent of Group, and the indirect parent of Advisers and Monarch. Because these cases are related to Advisers, the Trustee was appointed as their Trustee as well, and the cases were jointly administered .

The administration of the Debtors' estates as well as the investigation of their potential claims were significantly complicated by the poor state of the Debtors' books and records. In addition, it was necessary to obtain banking records directly

from the Debtors' bank, because these records were not available from the Debtors.

Prior to the two-year deadlines imposed by the Code, the Trustee, through counsel, conducted a review to determine whether any "avoidance" actions, or actions subject to a "Section108" extension, should be commenced. Upon information received from various sources, including Debtors' attorney, that a redemption of stock of a major shareholder constituted a fraudulent transfer for his benefit, and a potential recovery for the estate or estates, Trustee and his counsel commenced an extensive investigation, including but not limited to a review of all of the transactional documents. Although this investigation necessitated the expenditure of time and resources on the part of the trustee and his counsel, it was ultimately determined that in light of the lack of supporting evidence to dispute certain defenses raised, the uncertainty and expense of litigation, and the uncertainty of collection even if litigation was successful, an economic analysis supported counsel and trustee's business judgment that no further action was warranted.

More than six million dollars of claims have been filed in this case. Priority claims will be paid in full, and Troutman Sanders has reduced their fees as set out in their fee application filed with the Office of the United States Trustee, and the Court.